UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ANNA RASLAVICH, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 8:22-cv-1855 |
| SPANX, INC., | ) ) ) |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

Spanx, Inc. ("Spanx")[1] hereby removes to this Court the State of Florida Circuit Court action described below pursuant to the Class Action Fairness Act of 2005 ("CAFA").

## I. BACKGROUND

1. On July 1, 2022, Anna Raslavich ("Plaintiff") filed this putative class action against Spanx in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, captioned *Anna Raslavich, individually and on behalf of all others similarly situated v. Spanx, Inc.*, Case No 2022-CA-5625, asserting claims under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. Plaintiff alleges that on or after July 1, 2021, Spanx "made, or knowingly allowed to be made, a 'telephonic sales call' as defined by Fla. Stat. § 501.059(1)(j) to Plaintiff's Telephone Number…without Plaintiff's '[p]rior express written consent…" in violation of the FTSA. Compl. ¶¶ 13, 17. Plaintiff further alleges that Spanx "has placed

---

[1] As described in further detail in the Declaration of Kelly Goldston DeBonis, filed concurrently herewith as Ex. B, Spanx, Inc. is no longer an active entity. In November 2021, the company reorganized as a Delaware LLC under the name, Spanx, LLC. Because the Complaint involves alleged text messages sent "on or after July 2, 2021," the term "Spanx" as used herein shall include both Spanx, Inc. and Spanx, LLC. *See* Compl., ¶¶ 13, 20.

1

telephonic sales calls to telephone numbers belonging to thousands of consumers in Florida without their prior express written consent." *Id.* ¶ 22. Plaintiff seeks statutory damages and injunctive relief, plus attorneys' fees and costs, on behalf of herself and a putative class. *Id.* at p. 8.

2. The Complaint names Spanx as the sole defendant and Spanx has not yet responded. On July 29, 2022, the Florida Circuit Court granted Spanx's unopposed motion for a 30-day extension of time to respond to the Complaint, through and including September 2, 2022.

3. Under 28 U.S.C. §§ 1441(a), 1446, and 1453, the Complaint is removable to this Court because Spanx has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

4. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Spanx shall give written notice to Plaintiff and to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida of its filing of this Notice of Removal.

## II. SPANX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5. On July 14, 2022, Spanx was served with the Summons and the putative Class Action Complaint. This Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b).

6. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, *i.e.*, the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida is located in the Middle District of Florida, Tampa Division. *See* 28 U.S.C. § 1441(a); *see also* Local R. 1.04 ("The Middle District comprises these divisions and these counties: …Tampa Division…Hillsborough County").

7. As required under 28 U.S.C. § 1446(a) and Local R. 1.06(b), true and correct copies of all process, pleadings, and orders served upon Spanx, as well as a copy of each paper docketed in the Florida Circuit Court action are attached hereto. *See* Ex. A.

### III. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA

8. Under CAFA, this Court has diversity jurisdiction over the putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Spanx; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

#### A. The Putative Class Size Exceeds 100.

9. Under CAFA, the proposed class must consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). The Complaint seeks to certify a class under Florida Rule of Civil Procedure, Rule 1.220(b)(2) and (b)(3).[2] Compl. ¶ 20. Plaintiff defines the putative "Class" as:

> All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without "prior express consent" as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 2021.

*Id*. Plaintiff alleges that the putative "Class members number in the several thousands, if not more." *Id.* ¶ 21. Plaintiff further alleges that Spanx "has placed telephonic sales calls to telephone numbers belonging to thousands of consumers in Florida…[t]he members of the Class, therefore are believed to be so numerous that joinder of all members is impracticable. *Id.* ¶ 22. Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100.

---

[2] Florida Rules of Civil Procedure, Rule 1.220(b) is similar to Federal Rule of Civil Procedure 23(b)

10. In addition, Spanx has verified that it sent more than 3,334 text messages (similar to those attached as Exhibit A to the Complaint) to phone numbers with Florida area codes from July 1, 2021 to the present. *See* Declaration of Kelly Goldston DeBonis, ¶ 4. Thus, members of the alleged putative Class are likely to exceed 100 persons required for CAFA jurisdiction.

### B. There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.

11. Under CAFA there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2).

12. The Complaint alleges that Spanx "is a Foreign Profit Corporation 'doing business in this state' as defined by Fla. Stat. 501.059(1)(e)." Compl. ¶ 7. However, Spanx, Inc. is no longer an active entity. *See* Declaration of Kelly Goldston DeBonis, ¶ 5. In November 2021, the company reorganized as a Delaware LLC under the name, Spanx, LLC. *Id.* As of the date of the filing of the Complaint on July 1, 2022, Spanx, LLC was the active business entity for "Spanx." *Id.* Indeed, as a matter of public record, Spanx, LLC is organized under the laws of Delaware and has its principal place of business in Atlanta, Georgia; and thus, Spanx is a citizen of Delaware and Georgia for diversity purposes.[3] *Id.*; 28 U.S.C. § 1332(d)(10) (for purposes of removal under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"); *MacGinnitie v. Hobbs Group, LLC,* 420 F.3d 1234, 1239 (11th Cir. 2005) (per curiam) (holding in a removal case that "[c]itizenship for diversity purposes is determined at the time the suit is filed"), *abrogated on other grounds by Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1186 (2010).

---

[3] To the extent Spanx, Inc. is relevant to the minimal diversity analysis, before the reorganization in November 2021, Spanx, Inc. was incorporated in Georgia with its principal place of business in Atlanta, Georgia; and thus, Spanx, Inc. was also a citizen of Georgia for diversity purposes. 28 U.S.C. § 1332(c)(1); Declaration of Kelly Goldston DeBonis, ¶ 6.

13. Plaintiff is a citizen of Florida. The Complaint alleges she "was and is a Florida resident" and she was "physically located in the State of Florida" at the time she received the alleged call from Spanx. *See* Compl. ¶¶ 11, 12, 18.

14. Moreover, Plaintiff has alleged that the putative "Class" is limited to "[a]ll persons in the State of Florida…." Compl. ¶ 20. Accordingly, all alleged class members are diverse with Spanx.

15. Thus, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

**C.     The $5 Million Amount in Controversy Requirement is Met.**

16. Under CAFA, the aggregate amount in controversy must exceed $5 million for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

18. In analyzing the amount in controversy, "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315. A removing defendant may introduce "affidavits, declarations, or other documentation" to support its position that the amount of controversy exceeds the jurisdictional minimum. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

19. The amount in controversy "is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315 (internal quotation marks omitted); *see also McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) ("There is no doubt that, when analyzing the amount in controversy, the district court is precluded from inquiring into the amount a party is likely to receive on the merits."). The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. Thus, to carry its burden, the removing defendant merely needs to show that the potential damages could exceed the jurisdictional amount. *Pretka*, 608 F.3d at 754 ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

20. As set forth in the attached Declaration of Kelly Goldston DeBonis (Ex. B), Spanx sent more than 3,334 text messages similar to those attached as Exhibit A to the Complaint to phone numbers with Florida area codes from July 1, 2021 to the present. *See* Declaration of Kelly Goldston DeBonis, ¶ 4.

21. According to the Complaint, "[t]he matter in controversy exceeds the sum or value of $30,000.00 exclusive of interest, costs, and attorney's fees. Compl. ¶ 9. However, based on the number of text messages sent by Spanx during the relevant time period and the potential for treble damages for a "willful or knowing" violation of the FTSA, the amount in controversy exceeds $5 million. Specifically, under the FTSA, an aggrieved party may "recover actual damages or $500, whichever is greater" for a single violation. Fla. Stat. § 501.059(10)(a). Plaintiff's Complaint further alleges that Spanx's violation of the FTSA was "willful or knowing." *See* Compl. ¶ 37. Under the FTSA, "if the court finds that the defendant willfully or knowingly

violated this section…the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under paragraph (a)." Fla. Stat. § 501.059(10)(b).  Applying an award of treble damages for a willful and knowing violation of the FTSA by Spanx for more than 3,334 texts at issue, yields more than $5 million [3,334 text messages x $500 (per statutory violation) x 3 (for willful or knowing violation) = $5,001,000]. *See Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)  ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered.")  (internal citations omitted).  Moreover, this amount does not include the value of the injunctive relief, which would further increase the amount in controversy.

22. Accordingly, the total amount of alleged compensatory damages exceeds CAFA's $5 million jurisdictional threshold.

### D. The Exceptions to CAFA Do Not Apply.

23. CAFA provides two mandatory exceptions to the application of federal jurisdiction, and one discretionary exception.  *See* 28 U.S.C. § 1332(d)(4)(A)-(B) (mandatory); 28 U.S.C. § 1332(d)(3) (discretionary).  Both the mandatory and discretionary exceptions to CAFA require the presence of a nondiverse in-state defendant.  28 U.S.C. § 1332(d)(4)(A)-(B) (mandatory abstention requires either: (1) "significant relief" to be sought from an in-state defendant (local controversy exception) or that (2) the "primary defendant" to be an in-state one (home state exception)); 28 U.S.C. § 1332(d)(3) (discretionary abstention also requires the "primary defendant" be an in-state one).  Here, Spanx is the only defendant and is *not* an in-state defendant. Rather, Spanx is a foreign business entity, as it is a citizen of the State of Georgia and the State of Delaware, *not* Florida.  *See* Declaration of Kelly Goldston DeBonis, ¶¶ 5-6; 28 U.S.C. §

US_ACTIVE\122087248\V-2

1332(c)(1), (d)(10).  Therefore, the exceptions to CAFA are not applicable to this matter.[4]

24. Accordingly, because Spanx has demonstrated that all prerequisites for CAFA jurisdiction have been met and none of the exceptions apply, this matter is properly removable.

**WHEREFORE,** Spanx respectfully requests that this Court assume full jurisdiction over this action.

Respectfully submitted this 12th day of August, 2022.

/s/ Jonathan H. Kaskel
Jonathan H Kaskel, FBN 52718
Bety Javidzad
(pro hac vice request forthcoming)
Mark A. Silver
(pro hac vice request forthcoming)
Dentons US LLP
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 537 0009
Facsimile: (305) 670-4846
jonathan.kaskel@dentons.com
nancy.salazar@dentons.com

*Attorneys for Defendant, Spanx, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, the foregoing was filed using the Court's CM/ECF system and served by way of email on the below service list.

/s/ Jonathan H Kaskel

---

[4] The exceptions to CAFA would also fail for other reasons, and Spanx reserves the right to raise all defenses in the event that Plaintiff attempts to satisfy her burden of asserting the CAFA exceptions.

SERVICE LIST

Dale T. Golden
Golden Scaz Gagain – Attorneys at Law
1135 Marbella Plaza Drive
Tampa, Florida 33619
(813)251-3632
(813)251-3675 (fax)
dgolden@gsgfirm.com

9