## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANNA RASLAVICH, individually,
and on behalf of all others similarly situated,

    Plaintiff,

v.                                        Case No.: 8:22-cv-01855-CEH-SPF

SPANX, INC., SPANX, LLC, and
ATTENTIVE MOBILE, INC.

    Defendants.
_____/

## AMENDED CLASS ACTION COMPLAINT

COMES NOW Plaintiff ANNA RASLAVICH ("Plaintiff"), and brings this class action against Defendants SPANX, INC.; SPANX, LLC (collectively referred to as "SPANX")[1]; and Attentive Mobile, Inc. ("ATTENTIVE"), for Defendants' violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, alleging as follows:

## NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[2]

2. SPANX is a clothing manufacturer and retailer.

3. To promote its goods and services, SPANX hired ATTENTIVE to transmit text messages to persons in Florida.

---

[1] According to Spanx, Inc., in November 2021, it reorganized as Spanx, LLC. *See,* Doc. 1, pg. 1, fn. 1.
[2] The amendment to the FTSA became effective on July 1, 2021.

4. Thereafter, SPANX through ATTENTIVE sent telephonic sales calls to consumers in Florida without having secured "prior express written consent" as required and defined by the FTSA.

5. Plaintiff and the Class members have been aggrieved by the Defendants' unlawful conduct, which adversely affected and infringed upon their legal rights not to be subjected to the illegal acts at issue.

6. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of Plaintiff individually and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendants.

## PARTIES

7. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of telephone number \*\*\*-\*\*\*-4481 ("Plaintiff's Telephone Number") that received Defendants' telephonic sales calls.

8. Defendants are Foreign Profit Corporations "doing business in this state" as defined by Fla. Stat. 501.059(1)(e).

9. Defendants are "person[s]" as defined by Fla. Stat. § 1.01(3).

## JURISDICTION AND VENUE

10. Under the Class Action Fairness Act (CAFA), this court has diversity jurisdiction over the putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Spanx; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

11. Defendants are subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendants made or knowingly allowed telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA. Plaintiff received such calls while in Hillsborough County, Florida.

12. Venue in this District is proper because Plaintiff resides here, Defendants do business here, and the complained of conduct of Defendants occurred here.

## FACTUAL ALLEGATIONS

13. At all times material hereto, Plaintiff was and is a Florida resident and the regular user of Plaintiff's Telephone Number.

14. On or after July 1, 2021, Defendants made, or knowingly allowed to be made, a "telephonic sales call" as defined by Fla. Stat. § 501.059(1)(j) to Plaintiff's Telephone Number. A screenshot of the telephonic sales call is attached hereto as "Exhibit A".

15. As demonstrated by the screenshot, the purpose of Defendants' telephonic sales calls was to solicit the sale of consumer goods and/or services.

16. Upon information and belief, Defendants caused similar telephonic sales calls to be sent to individuals in Florida.

17. Upon information and belief, the telephonic sales calls detailed above were not transmitted on an individual basis but were instead sent via a mass-texting platform owned and/or operated by ATTENTIVE.

18. Upon information and belief, and as demonstrated by their form and content, the telephone numbers that were transmitted telephonic sales calls were not selected individually, but rather gathered *en masse* by ATTENTIVE or SPANX from a database of telephone numbers.

19. The telephonic sales calls detailed above therefore involved an automated system for the selection or dialing of telephone numbers.

20. The Plaintiff did not provide Defendants "[p]rior express written consent," as expressly defined by Fla Stat. § 501.059(1)(g), to receive telephonic sales call as detailed above.

21. All conditions precedent to the filing of this action have occurred or been waived.

## CLASS ALLEGATIONS

22. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without "prior express consent" as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 2021.**

23. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class, but SPANX has indicated that "it sent more than 3,334 text message (similar to those attached as Exhibit A to the [original] Complaint) to phone numbers with Florida area codes from July 2, 2021 to the present. *See*, Doc. 1 at ¶ 10.

24. The members of the Class are, therefore, believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

26. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: (1) Whether Defendants "made or knowingly allowed" telephonic sales calls to Plaintiff and the Class members; (2) Whether Defendants had "prior express written consent" to make the calls; and (3) Whether Defendants are liable for damages, and if so, the amount of such damages.

27. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely knowingly allow or make telephonic sales calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

28. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

29. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class may be in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of

the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### VIOLATION OF FLA. STAT. § 501.059
### (On Behalf of Plaintiff and the Class against SPANX)

32. Plaintiff re-alleges and incorporates paragraphs 1 through 31 as if fully set forth herein.

33. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

34. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

35. "Prior express written consent" means an agreement in writing that:

    1. Bears the signature of the called party;

    2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or

      cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

   3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

   4. Includes a clear and conspicuous disclosure informing the called party that:

      a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

      b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

36. SPANX failed to secure prior express written consent from Plaintiff and the Class members.

37. In violation of the FTSA, SPANX made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

38. SPANX made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

39. SPANX's violations of Fla. Stat. § 501.059(8)(a) were willful or knowing, in that at all times material hereto SPANX knew it was making, or knowingly allowing to be made, telephonic sales calls involving an automated system for the selection or dialing of

telephone numbers to a number belonging to Plaintiff and numbers belonging to the Class Members without Plaintiff's or the Class Member's prior express written consent.

40. As a result of SPANX's conduct, and pursuant to § 501.059(10) of the FTSA, Plaintiff and Class members were aggrieved and are each entitled to recover damages, costs, and attorney's fees from SPANX. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

## COUNT II
## VIOLATION OF FLA. STAT. § 501.059
**(On Behalf of Plaintiff and the Class against ATTENTIVE)**

41. Plaintiff re-alleges and incorporates paragraphs 1 through 31 as if fully set forth herein.

42. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

43. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

44. "Prior express written consent" means an agreement in writing that:

   1. Bears the signature of the called party;

   2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded

  message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

  a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

  b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

45. ATTENTIVE failed to secure prior express written consent from Plaintiff and the Class members.

46. In violation of the FTSA, ATTENTIVE made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

47. ATTENTIVE made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

48. ATTENTIVE's violations of Fla. Stat. § 501.059(8)(a) were willful or knowing, in that at all times material hereto ATTENTIVE knew it was making, or knowingly allowing to be made, telephonic sales calls involving an automated system for the selection or dialing of telephone numbers to a number belonging to Plaintiff and numbers belonging to the Class Members without Plaintiff's or the Class Member's prior express written consent.

49. As a result of ATTENTIVE's conduct, and pursuant to § 501.059(10) of the FTSA, Plaintiff and Class members were aggrieved and are each entitled to recover damages, costs, and attorney's fees from ATTENTIVE. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An injunction requiring Defendants to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

d) An award of reasonable attorney's fees and court costs;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: August 17, 2022

Respectfully submitted by:

/s/ Dale T. Golden
Dale T. Golden, Esq.
Florida Bar No.: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
dgolden@gsgfirm.com
*Attorney for Plaintiff*